

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NOS.  2-09-114-CR
2-09-115-CR
2-09-116-CR**

ALLEN WADE GEIGER                                                        APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Allen Wade Geiger appeals his convictions for assault of a public servant that caused bodily injury, evading arrest or detention in a vehicle, and unauthorized use of a vehicle.  *See* Tex. Penal Code Ann. §§ 22.01(a), (b)(1), 38.04(a), (b)(1)(B) (Vernon Supp. 2009), § 31.07(a) (Vernon 2003).  On

---

[1] *See* Tex. R. App. P. 47.4.

June 17, 2008, with the assistance of counsel, Geiger entered into a plea bargain with the State in which he pled guilty to each of these offenses, signed written plea admonishments, and waived constitutional and statutory rights. Under terms of the plea bargain, the trial court convicted Geiger, ordered him to serve sixty days' confinement, and placed him on community supervision in each of the three cause numbers related to his offenses.

Three months later, the State filed petitions to revoke Geiger's community supervision because he committed a new offense. Through preprinted pro se motions, Geiger attempted to withdraw his guilty pleas (on the charges he had already been convicted of) and requested the trial court to transform his third-degree felony assault conviction into a class A misdemeanor. Then, in March 2009, after Geiger waived his right (with assistance of counsel) to have a reporter's record made of his revocation proceedings[2] and entered open pleas of true to the State's petitions, the trial court sentenced him to two years' confinement in each of the evading arrest or detention with a vehicle and unauthorized use of a vehicle charges and four years' confinement in the assault charge. Geiger filed his notices of these appeals.

---

[2] A court reporter must, "unless excused by agreement of the parties," make a full record of the trial court's proceedings. Tex. R. App. P. 13.1(a).

2

Geiger's appointed counsel has filed a motion to withdraw from her representation of Geiger; counsel has also filed a brief that satisfies the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008). We sent Geiger a letter notifying him of his counsel's motion and informing him of his right to file a pro se appellate brief. We have not received any brief from Geiger, nor have we received any communication from him indicating that he desires to file such a brief.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in concluding that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's *Anders* brief. We agree with counsel that this appeal is wholly frivolous and that it is without merit. We find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

3

Therefore, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL:  LIVINGSTON, J.; CAYCE, C.J.; and MEIER, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 22, 2009

4